IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


LATRENERRA IEISHA STRIDIRON,

      Appellant,

 v.                                 Case No.  5D21-2571
                                       LT Case No. 2019-CF-043920-A-X

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 2, 2022

Appeal from the Circuit Court
for Brevard County,
Charles G. Crawford, Judge.

Matthew J. Metz, Public Defender,
and Ali L. Hansen, Assistant Public
Defender, Daytona Beach, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Whitney Brown
Hartless, Assistant Attorney
General, Daytona Beach, for
Appellee.


PER CURIAM.

Appellant, Latrenerra Ieisha Stridiron, argues that the prohibition against double jeopardy was violated when she was convicted and sentenced for driving under the influence, causing serious bodily injury and property damage to the same victim. The State concedes that *Velazco v. State*, 342 So. 3d 614 (Fla. 2022), decided ten months post-verdict, applies. We agree and remand for further proceedings.

Appellant was found guilty following a jury trial, convicted, and sentenced for Count One, driving under the influence with serious bodily injury to Eden Tall, a third degree felony; Count Two, driving under the influence with serious bodily injury to Scott Smith, a passenger in Ms. Tall's car; and Count Three, driving under the influence with damage to the property of Eden Tall, a first degree misdemeanor.[1] She was sentenced to five years in prison on Count One, four years in prison on Count Two, and one year of probation on Count Three, all to be served consecutively. Counts One and Three were violations of section 316.193(3), Florida Statutes (2019), both were based on the same vehicular accident caused by Appellant's driving under the influence, and both concerned the same individual victim.

---

[1] Appellant does not appeal her conviction for Counts One or Two.

Appellant argues that double jeopardy prohibits her being convicted and sentenced for both crimes as to Ms. Tall. The State commendably concedes, and we agree that remand is required so that an amended judgment and sentence can be entered.

Appellant relies upon *Velazco v. State* in which the Florida Supreme Court recently held that where one incident and the same victim is involved, "driving under the influence causing damage to property and serious bodily injury to a person . . . are degree variants of the same criminal offense so that [the prohibition against] double jeopardy is violated." 342 So. 3d at 614.

Having considered the double jeopardy issue, we hold that the conviction for driving under the influence causing property damage must be vacated and an amended judgment deleting that conviction shall be entered.

REVERSED; in part and REMANDED WITH INSTRUCTIONS.

LAMBERT, C.J., EDWARDS and EISNAUGLE, JJ., concur.